### 4863. GRUBBS *v.* THE STATE.

HILL, C. J. 1. Where, about twenty or thirty minutes after the decedent had been shot in the stomach with a pistol, he was heard to be moaning and praying, "Lord have mercy on me!" and "Lord help me!" and was asked who shot him, and, in reply, stated that the accused shot him, and died in fifteen or twenty minutes after making this statement, praying up to the time of his death, the statement thus made by the decedent was, prima facie, a dying declaration, and was properly allowed to go to the jury. In the present case, however, it was immaterial, as the accused admitted that he did shoot the decedent with a pistol.

2. The evidence for the State demanded a conviction of murder. There was no evidence in behalf of the accused; and the jury could have inferred, from the statement made by him, that he shot the decedent in self-defense. There was no theory of the evidence or of the statement upon which the verdict of voluntary manslaughter could have been founded; and, following the repeated decisions of the Supreme Court and of this court, a charge on the law of voluntary manslaughter was not authorized. The verdict must therefore be set aside as contrary to law. *Judgment reversed.*

DECIDED JUNE 25, 1913.

Indictment for murder—conviction of manslaughter; from Jenkins superior court—Judge Rawlings. April 12, 1913.

*Anderson & Reynolds,* for plaintiff in error.
*R. Lee Moore, solicitor-general,* contra.